IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARSON MATUTE, | ) | |
| | ) | 2:10-cv-02932-GEB-GGH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER[*] |
| | ) | |
| CHEVY CHASE F.S.B., CAPITAL ONE | ) | |
| N.A., B.F. SAUL MORTGAGE | ) | |
| COMPANY, and DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants Chevy Chase F.S.B., Capital One N.A., and B.F. Saul Mortgage Company ("Defendants") move for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiff fails to state viable claims against them. Plaintiff did not file an opposition or statement of non-opposition in response to Defendants' motion as required by Local Rule 230(c). Nor did Plaintiff file a response to a Rule 4(m) Order concerning whether other defendants in this action should be dismissed for lack of service of process. Those defendants have been dismissed in a separate order.

This case was removed from state court based on federal question jurisdiction, premised on Plaintiff's claim under the Truth in

---

[*] This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

Lending Act ("TILA").  For the reasons stated below, Plaintiff's TILA claim will be dismissed with prejudice, and this action will be remanded to the state court from which it was removed.

## I. LEGAL STANDARD

Dismissal of a claim under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiffs.  See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

**II. BACKGROUND**

On or about July 26, 2007, Plaintiff obtained a loan from B.F. Saul Mortgage, which was secured by their real property, located at 8520 Modena Way, Elk Grove, CA 95624. (Compl. ¶¶ 1, 5-6, Ex. A.)

The relevant deed of trust identifies Chevy Chase Bank, F.S.B. as the trustee and Mortgage Electronic Registration Systems, Inc. as a nominee for the lender and the lender's successors and assigns.[1] (Compl., Ex. A.)

Plaintiff alleges Defendants "improperly conducted the original sale," and are wrongfully pursuing foreclosure proceedings against them. (Compl. ¶¶ 7-8.)

**III. DISCUSSION**

**A.   TILA Damages Claim**

Plaintiff seeks "attorneys fees and statutory damages under TILA." (Compl. ¶ 8.) Plaintiff alleges Defendants violated TILA "regarding the nature of the original loan documents," by "under disclos[ing] the applicable finance charge." Id. Defendants argue Plaintiff's TILA damages claim should be dismissed because it is barred by the applicable one-year statute of limitations. (Defs.' Mot. 6:17-20.)

An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a general rule[, this] limitations period starts [to run] at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

---

[1]   The deed of trust "may be considered" in ruling on Defendants' Rule 12(b)(6) motion, since it was attached as an exhibit to Plaintiff's Complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

"Consummation" is defined under the statute as "the time that a consumer becomes contractually obligated on a credit transaction." Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)).

Plaintiff became "contractually obligated on a credit transaction" in July of 2007, when he obtained the loan and executed the promissory note and deed of trust. (Compl. ¶¶ 5-6.) Therefore, the statute of limitations expired on Plaintiff's TILA damages claim in July of 2008. Further, since Plaintiff has not alleged a basis for equitably tolling this claim, Plaintiff's TILA damages claim against Defendants is dismissed with prejudice.

**B.   State Law Claims**

Since only state law claims remain, the Court considers whether it should continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (suggesting that a district court may, but need not, *sua sponte* decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) after all federal law claims have been dismissed). The decision to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) is informed by the values of economy, convenience, fairness, and comity as delineated by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Id. at 1001. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [the] factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

1          Three of the four <u>Gibbs</u> factors weigh against the continued
2    exercise of supplemental jurisdiction over Plaintiff's state claims.
3    Judicial economy does not favor continuing to exercise supplemental
4    jurisdiction since time has not been invested analyzing the state
5    claims. <u>See</u> <u>Otto v. Heckler</u>, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he
6    district court, of course, has the discretion to determine whether its
7    investment of judicial energy justifies retention of jurisdiction or if
8    it should more properly dismiss the claims without prejudice.")
9    (citation omitted). Nor do the comity and fairness factors weigh in
10   favor of exercising supplemental jurisdiction since "[n]eedless
11   decisions of state law should be avoided both as a matter of comity and
12   to promote justice between the parties, by procuring for them a
13   surer-footed reading of applicable law." <u>Gibbs</u>, 383 U.S. at 726.
14   Therefore, Plaintiff's state claims will be remanded under 28 U.S.C. §
15   1367(c).

16                            **IV. CONCLUSION**

17          For the stated reasons, Plaintiff's TILA damages claim is
18   dismissed with prejudice, and Plaintiff's remaining state claims are
19   remanded to the Superior Court of California in the County of
20   Sacramento, from which this case was removed.

21          Judgment shall be entered in favor of Defendants on
22   Plaintiff's TILA damages claim.

23   Dated:  March 3, 2011
24
25                         _____
                           GARLAND E. BURRELL, JR.
26                         United States District Judge
27
28